FILED _____ ENTERED
LODGED _____ RECEIVED

JUN 27 2008    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

08-CV-00997-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Joseph Kiehlbauch, and Marilyn Kiehlbauch, )
)  NO. CV8    997
        Plaintiffs, )
)
    v. )  **Notice of Removal**
)
Suburban Propane, L.P. )
)
        Defendant. )
)

TO:        Clerk of the Court,
AND TO:    Plaintiffs Joseph Kiehlbauch and Marilyn Kiehlbauch,
AND TO:    Dore & Dore, PS, and James J. Dore, Jr., Attorneys for Plaintiffs

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1331, 1441, and 1446, Defendant

Suburban Propane, L.P. ("Defendant") removes to this Court the state court action described

below:

1.    On June 18, 2008, Plaintiffs Joseph Kiehlbauch and Marilyn Kiehlbauch

("Plaintiffs") filed an action in the Superior Court of Washington for the County of King

ORIGINAL

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

captioned *Joseph Kiehlbauch and Marilyn Kiehlbauch v. Suburban Propane, L.P.*, Case No. 08-2-20649-1 (the "State Court Action").[1]

2.    On June 13, 2008 (before the State Court Action was filed), Defendant Suburban Propane was served with the Summons and Complaint in the State Court Action.

3.    Defendant is filing this Notice of Removal within thirty (30) days after service of the Summons and Complaint upon it.  Thus, under 28 U.S.C. § 1446(b), Defendant's time to remove and to answer has not yet expired.

4.    Venue is proper in the United States District Court for the Western District of Washington at Seattle, because Plaintiffs allege in the complaint that Plaintiffs reside in King County, Washington. and because Plaintiff Joseph Kiehlbauch was employed at Defendant's facility in King County, Washington.

### This Court Has Removal Jurisdiction
### Based Upon Federal Question Jurisdiction

5.    The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1331 because the civil action arises under the Constitution, laws, or treaties of the United States.

6.    Plaintiffs have asserted claims or causes of action for discrimination, harassment, and retaliation under Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e et seq.), the Age Discrimination in Employment Act of 1967 ("ADEA") (29 U.S.C. §§ 621-634), the Americans with Disabilities Act ("ADA"), and the U.S. Constitution.

---

[1]  In the original Complaint, Plaintiffs sued "Suburban Propane, L.P., a master limited partnership doing business in the State of Washington" Suburban Propane, L.P. is not a master limited partnership, but is simply a limited partnership.

Notice of Removal - 2
#674914 v1 / 10158-052

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

**Procedure After Removal**

7.    In accordance with 28 U.S.C. § 1446(a) and CR 101 of the Local Rules of this Court, a copy of all pleadings and papers that have been filed and served in the State Court Action are attached as **Exhibit A** to the Certificate of Attorney filed concurrently with this Notice of Removal.  Plaintiffs have not served upon Defendant any other process, pleadings, or orders.

8.    Defendant will file in the Superior Court of Washington for the County of King its Notice to Adverse Party of Removal to Federal Court, attached to which will be a copy of this Notice of Removal.

9.    By filing this Notice of Removal, Defendant does not waive, and it expressly reserves, all rights, defenses, or objections of any nature that it may have to Plaintiffs' claims.

WHEREFORE, Defendant Suburban Propane, L.P. hereby notifies this Court, Plaintiffs, and the Superior Court of Washington for the County of King that the above-captioned matter, now pending against it in the Superior Court of Washington for the County of King has been removed to this Court.

DATED this 27th day of June, 2008.

KARR TUTTLE CAMPBELL

By    /s/ Brian K. Keeley
       Richard J. Omata, WSBA #07032
       Email: romata@karrtuttle.com
       Brian K. Keeley, WSBA #32121
       Email: bkeeley@karrtuttle.com
       Attorneys for Defendant
       KARR TUTTLE CAMPBELL
       1201 Third Avenue, Suite 2900
       Seattle, Washington  98101-3028
       Phone: (206) 223-1313
       Fax:  (206) 682-7100

Notice of Removal - 3
#674914 v1 / 10158-052

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1
2

# CERTIFICATE OF SERVICE

3

4

5

    I hereby certify that on June 27, 2008, I electronically filed the foregoing with the Clerk of the Courting using the CM/ECF system which will send notification of such filing to the persons listed below:

6
7
8

James J. Dore, Jr.
Dore & Dore, PS
1122 W. James Street
Kent, WA 98032
*Attorneys for Plaintiffs*

9
10
11

                                        /s/ Heather White
                                        Heather White
                                        Email: hwhite@karrtuttle.com

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# Exhibit A

FILED

08 JUN 18 PM 3:00

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JOSEPH KIEHLBAUCH | NO. 08-2-20649-1    KNT |
| | Order Setting Civil Case Schedule (*ORSCS) |
| vs                                    Plaintiff(s) | |
| SUBURBAN PROPANE | ASSIGNED JUDGE   Heavey              20 |
| | FILE DATE:                    06/18/2008 |
| Defendant(s) | **TRIAL DATE:**              **12/07/2009** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____     _____
            Print Name                                          Sign Name

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing case.

**SHOW CAUSE HEARINGS FOR CIVIL CASES** [King County Local Rule 4(g)]
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. A review of the case will be undertaken to confirm service of the original complaint. A *Show Cause Hearing* will be set before the Chief Civil or RJC judge if needed. The Order to Show Cause will be mailed to the plaintiff(s) or counsel to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 06/18/2008 | * |
| Confirmation of Service [See KCLR 4.1]. | Wed 07/16/2008 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Wed 11/26/2008 | * |
| **DEADLINE to file Confirmation of Joinder if not subject to Arbitration.** [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed or Box 2 is checked.** | Wed 11/26/2008 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Wed 12/10/2008 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Tue 07/07/2009 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon 08/17/2009 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon 08/31/2009 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 08/31/2009 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon 10/19/2009 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon 11/09/2009 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 11/16/2009 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)]. | Mon 11/16/2009 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 11/23/2009 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon 11/30/2009 | * |
| Trial Date [See KCLR 40]. | Mon 12/07/2009 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:    06/18/2008

_____
**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**
READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

**This case is assigned to the Superior Court Judge whose name appears in the caption of this** *Schedule.* **The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.**

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses -- identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment); etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

**1) Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

**2) Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

MOTIONS PROCEDURES:

A. **Noting of Motions**

**Dispositive Motions:** All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules. King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

**PRESIDING JUDGE**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
06/16/2008
CT Log Number 513534349

||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:** Paul Abel
Suburban Propane L.P.
240 Route 10 West, PO Box 206
Whippany, NJ 07981-0206

**RE:** **Process Served in Washington**

**FOR:** Suburban Propane, L.P. (Domestic State: DE)

**LEGAL DEPT.**

**JUN 1 7 2008**

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Kiehlbauch and Marilyn Kiehlbauch, etc., Pltfs. vs. Surburban Propane, L.P., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Verification, Exhibit(s) |
| **COURT/AGENCY:** | King County, Superior Court of Washington, .<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Discrimination - On the basis of age |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Olympia, WA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/13/2008 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, excluding the day of service |
| **ATTORNEY(S) / SENDER(S):** | James J. Dore, Jr.<br>Dore & Dore, PS<br>1122 W James St<br>Kent, WA 98032<br>(253)850-8411 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 798962496064<br>Email Notification, Barbara J Verdon BVERDON@SUBURBANPROPANE.COM<br>Email Notification, Paul Abel pabel@suburbanpropane.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | CT Corporation System<br>Michele Rowe<br>1801 West Bay Drive NW<br>Suite 206<br>Olympia, WA 98502<br>360-357-6794 |

Page 1 of  1 / MR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED

FILED

08 JUN 18 PM 3:00

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

KING COUNTY SUPERIOR COURT
BARBARA MINER
DIRECTOR & SUPERIOR CT CLERK
SEATTLE WA

08-2-20649-1

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 06/18/2008 | 06/19/2008 | 03:02 PM |

Receipt/Item #   Tran-Code   Docket-Code
2008-08-06895/01   1100   $FFR
Cashier: JSS

Paid By: DORE, DORE
Transaction Amount:   $200.00

### KING COUNTY SUPERIOR COURT
### CASE ASSIGNMENT DESIGNATION
### and
### CASE INFORMATION COVER SHEET
### (cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

08-2-20649.1KNT

CASE NUMBER: _____

CASE CAPTION: _Kiehlbauch V. Suburban Propane L.P._

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

_____ **Seattle Area**, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

__X__ **Kent Area**, defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff

or

_____
Signature of Attorney for
Petitioner/Plaintiff

_22100_
WSBA Number

_____
Date

_6/10/08_
Date

L: forms/cashiers/cics
Rev 01/05

1

KING COUNTY SUPERIOR COURT
*CASE ASSIGNMENT DESIGNATION*
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

### APPEAL/REVIEW

- [ ] Administrative Law Review (ALR 2)*
- [ ] DOL Implied Consent—Test Refusal –only RCW 46.20.308 (DOL 2)*
- [ ] DOL- all other appeals (ALR 2) *

### CONTRACT/COMMERCIAL

- [ ] Breach of Contract (COM 2)*
- [ ] Commercial Contract (COM 2)*
- [ ] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship (MER 2)*
- [ ] Third Party Collection (COL 2)*

### DOMESTIC RELATIONS

- [ ] Annulment/Invalidity (INV3)*
  with dependent children? Y / N; wife pregnant? Y / N
- [ ] Child Custody (CUS 3)*
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children (DIC 3)*
- [ ] Dissolution With No Children (DIN 3)*
  wife pregnant? Y / N
- [ ] Enforcement/Show Cause- Out of County (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan(PPS 3)* ££
- [ ] Establish Supprt Only (PPS 3)* ££
- [ ] Legal Separation (SEP 3)*
  with dependent children? Y / N; wife pregnant? Y / N
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (FJU 3)
- [ ] Out-of-State Support Court Order Registration (FJU 3)
- [ ] Reciprocal, Respondent Out of County (ROC 3)
- [ ] Reciprocal, Respondent in County (RIC 3)
- [ ] Relocation Objection/Modification (MOD 3)*

### ADOPTION/PATERNITY

- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity, Establish/Disestablish (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Out-of-State Custody Order Registration (FJU 5)
- [ ] Out-of-State Support Order Registration (FJU5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

### DOMESTIC VIOLENCE/ANTIHARASSMENT

- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Vulnerable Adult Protection (VAP 2)

££ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County* The filing party will be given an appropriate case schedule.        ** Case schedule will be issued after hearing and findings.

KING COUNTY SUPERIOR COURT
*CASE ASSIGNMENT DESIGNATION*
and
CASE INFORMATION COVER SHEET

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*
☐ Foreclosure (FOR 2)*
☐ Land Use Petition (LUP 2)*
☐ Property Fairness (PFA 2)*
☐ Quiet Title (QTI 2)*
☐ Unlawful Detainer (UND 2)

**JUDGMENT**

☐ Confession of Judgment (MSC 2)*
☐ Judgment, Another County, Abstract (ABJ 2)
☐ Judgment, Another State or Country (FJU 2)
☐ Tax Warrant (TAX 2)
☐ Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
☐ Certificate of Rehabilitation (MSC 2)
☐ Change of Name (CHN 2)
☐ Deposit of Surplus Funds (MSC 2)
☐ Emancipation of Minor (EOM 2)
☐ Frivolous Claim of Lien (MSC 2)
☐ Injunction (INJ 2)*
☐ Interpleader (MSC 2)
☐ Malicious Harassment (MHA 2)*
☐ Non-Judicial Filing (MSC 2)
☐ Other Complaint/Petition(MSC 2)*
☐ Seizure of Property from the Commission of a Crime (SPC 2)*
☐ Seizure of Property Resulting from a Crime (SPR 2)*
☐ Structured Settlements (MSC 2)*
☐ Subpoena (MSC 2)
☐

**PROBATE/GUARDIANSHIP**

☐ Absentee (ABS 4)
☐ Disclaimer (DSC4)
☐ Estate (EST 4)
☐ Foreign Will (FNW 4)
☐ Guardian (GDN4)
☐ Limited Guardianship (LGD 4)
☐ Minor Settlement (MST 4)
☐ Notice to Creditors – Only (NNC 4)
☐ Trust (TRS 4)
☐ Trust Estate Dispute Resolution Act/POA (TDR 4)
☐ Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital (MED 2)*
☐ Medical Doctor (MED 2)*
☐ Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*
☐ Non-Death Injuries (TMV 2)*
☐ Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**

☐ Asbestos (PIN 2)**
☐ Implants (PIN 2)
☐ Other Malpractice (MAL 2)*
☐ Personal Injury (PIN 2)*
☐ Products Liability (TTO 2)*
☐ Property Damage (PRP 2)*
☐ Wrongful Death (WDE 2)*
☒ Tort, Other (TTO 2)*

**WRIT**

☐ Habeas Corpus (WHC 2)
☐ Mandamus (WRM 2)**
☐ Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

Served by
ABC Legal

JUN 13 2008

Time:

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
     IN AND FOR THE COUNTY OF KING

8

9

10   JOSEPH KIEHLBAUCH, and MARILYN           )
     KIEHLBAUCH, husband and wife, a marital   )   Case No.:
11   community,                                )
                                               )
12            Plaintiffs,                      )   SUMMONS
                                               )
13       vs.                                   )
                                               )
14   SUBURBAN PROPANE, L.P., a Master          )
     Limited Partnership, doing business in the )
15   State of Washington,                      )
                                               )
16            Defendant.                       )
                                               )
17   _____      )

18   TO THE DEFENDANTS:    A lawsuit has been started against you in the above

     entitled court by JOSEPH KIEHLBAUCH, and MARILYN KIEHLBAUCH, plaintiffs.
19
     Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with
20
     this summons. In order to defend against this lawsuit, you must respond to the complaint by
21
     stating your defense in writing, and by serving a copy upon the person signing this summons
22
     within 20 days after the service of this summons, excluding the day of service, or a default
23
     judgment may be entered against you without notice. A default judgment is one where
24
     plaintiff is entitled to what he asks for because you have not responded. If you serve a notice
25

                                                     DORE & DORE, PS
                                                     1122 W JAMES ST
                                                     KENT, WA 98032
     SUMMONS - 1                                     (253)850-6411



1  of appearance on the undersigned person, you are entitled to notice before a default judgment
2  may be entered.

3      You may demand that the plaintiff file this lawsuit with the court. If you do so, the
4  demand must be in writing and must be served upon the person signing this summons. Within
5  14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the
6  service on you of this summons and complaint will be void.

7      If you wish to seek the advice of an attorney in this matter, you should do so promptly
8  so that your written response, if any, may be served on time.

9      This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the
   State of Washington.
10     DATED this _____10_____ of June, 2008.
11

12

13                                      DORE & DORE, PS
14
15
16
17                                      James J. Dore, Jr.  WSBA # 22106
                                        Attorney for Plaintiffs
18
19
20
21
22
23
24
25
                                                    DORE & DORE, PS
                                                    1122 W JAMES ST
                                                    KENT, WA 98032
   SUMMONS - 2                                      (253)850-6411

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

9

10

JOSEPH KIEHLBAUCH, and MARILYN )
KIEHLBAUCH, husband and wife, a marital )    Case No.:
community, )

11
                                            )
        Plaintiffs,                         )    COMPLAINT

12                                          )
        vs.                                 )

13                                          )
SUBURBAN PROPANE, L.P., a Master            )

14  Limited Partnership, doing business in the )
State of Washington,                        )

15                                          )
        Defendant.                          )

16                                          )

17

18  COME NOW plaintiffs, JOSEPH KIEHLBAUCH, and MARILYN

19  KIEHLBAUCH, as husband and wife, by and through their attorney of record James J.

20  Dore, Jr. and allege as follows:

21                I.    PARTIES AND VENUE

22      1.    The Plaintiffs, JOSEPH KIEHLBAUCH and MARILYN KIEHLBAUCH,

23  are a martial community and husband and wife, and residents of King County,

24  Washington, at all times relevant to these causes of action.

25

COMPLAINT                                          DORE & DORE, P.S.
                                                   1122 W. James St.
                                                   Kent, WA 98032
PAGE - 1                                           (253) 850-6411

COPY

1      2.     The Plaintiff, JOSEPH KIEHLBAUCH, was employed by the

2  SUBURBAN PROPANE, at all times relevant to these causes of actions.

3      3.     SUBURBAN PROPANE, L.P. is a master limited partnership doing

4  business in the State of Washington and is a business of national marketing and

5  distributing of a diverse array of products to meet the energy needs of customers,

6  specializing in propane, fuel oil and refined fuels, as well as the marketing of natural gas

7  and electricity in deregulated markets.

8                       II.     JURISDICTION

9      4.     The court has Jurisdiction over claims of discrimination and all other

10  claims made in this complaint and all matters that will arise out of this complaint.

11                       III.    FACTS

12      5.     The Plaintiff, JOSEPH "JOE" KIEHLBAUCH was an employee of the

13  Defendant, SUBURBAN, and worked as a truck driver who was dispatched to deliver

14  goods to customers in the greater Seattle area at all relevant times to this cause of action.

15      6.     The Plaintiff, JOSEPH "JOE" KIEHLBAUCH, was a union member in

16  good standing of the International Brotherhood of General Teamsters Local 174.

17      7.     The Plaintiff, JOE KIEHLBAUCH, is 57 years old male.

18      8.     The Plaintiff, JOE KIEHLBAUCH, suffers from medical condition known

19  as Chronic Venous Insufficiency/Lymphedema, carpal tunnel, and meniscus tears in his

20  knees.

21      9.     That during his employment he was subject to the Regional supervision of

22  Greg Boyd who directed the following Plant managers: Robert "Bob" Labrousse, Dan

23  Clark, Dennis Quinlan (Dispatch Manager) and Chantelle Hendrix as well as human

24

25  COMPLAINT

     PAGE - 2

DORE & DORE, P.S.
1122 W. James St.
Kent, WA 98032
(253) 850-6411

1  resource managers, Bill Hulsey, Don Greenbaum and Pete Haller. All plant managers

2  were under the direct supervision of Greg Boyd, Western Regional Managers.

3        10.    During his employment he was harassed in the work place by his

4  supervisors who would make comments about the plaintiff's age, filing of grievances,

5  and medical condition and treated him in a degrading manner and differently as

6  compared to other co-employees. These comments and actions included but were not

7  limited to "Joe is the oldest one here at Suburban," "You'll probably die of a heart attack

8  here," "Do you have a bad heart?" You're a 50-year old man making a complete ass of

9  yourself," "You are a bunch of Union Pukes," "Joe, what are you doing, spiking your hair

10 up? Trying to look 14 years younger?" "We're picking on the older ones today."  In

11 written correspondence employees were referred to as "All Hands," verbal comments

12 included but were not limited to "You civilians always take the easy way." Actions

13 included but were not limited to:  Changing his work schedule. Providing work that was

14 contrary to the doctors recommendations. Assigning tasks, withholding equipment and

15 interfering in plaintiff's ability to do his job. Not providing answers to vacation requests.

16 Not paying for hours worked. Making all his employment issues go through the

17 grievance process. Denial of Union representation in meetings. Denial of earned

18 company benefits included but not limited to sick pay, holiday pay and denial of short-

19 term disability payments even though management had approved in writing.

20        11.    During his employment he was harassed in the work place by his

21 supervisor who would force the plaintiff to do the less desirable or degrading type of

22 work.

23        12.    The above harassment by defendant, SUBURBAN PROPANE, employees

24 was done consistently in presence of other employees and with the knowledge of the

25 COMPLAINT                                              DORE & DORE, P.S.
                                                        1122 W. James St.
                                                        Kent, WA 98032
   PAGE - 3                                             (253) 850-6411

1  supervisors, without any form of disciplinary action taken against the harassing

2  supervisor.

3      13.    As a result of the above conditions Plaintiff, JOSEPH KIEHLBAUCH,

4  complained routinely to his supervisors, and other management including other upper

5  management, the shop steward and other Business Agent union representatives, about the

6  above harassment by the defendant, SUBURBAN PROPANE'S management.

7      14.    The complaints made by the Plaintiff were put into writing.  These

8  complaints were rejected or partially addressed or ignored by the defendant,

9  SUBURBAN PROPANE, management and continued for an unreasonably long period of

10  time.

11      *15.    After several years of harassment in the work place JOE KIEHLBAUCH*

12  *wrote a letter to the Management and asked for corrective action.*

13      16.    Even after the letter was given to upper management JOSEPH

14  KIEHLBUACH continued to suffer discriminatory and retaliatory action by the

15  defendant, SUBURBAN PROPANE supervisor until the harassing supervisor left

16  Suburban's employment.

17      17.    As a result of the Defendants actions JOSEPH KIEHLBAUCH, and his

18  wife, MARILYN KIEHLBAUCH suffered losses for complaining to SUBURBAN

19  PROPANE' the Defendant corporations' management.

20      18.    In response to plaintiff's complaints his supervisor subjected him to

21  continued harassment in the work place.

22      19.    Management continued to allow the harassment of JOSEPH

23  KIEHLBAUCH, without removing, terminating or taking any action that corrected the

24  harassing supervisor behavior.

25  COMPLAINT

    PAGE - 4

DORE & DORE, P.S.
1122 W. James St.
Kent, WA 98032
(253) 850-6411

20.   Further, management seemed to focus on JOSEPH KIEHLBAUCH as the problem and subjected him to disciplinary action, and changed his work schedule.

21.   The Plaintiff, JOSEPH KIEHLBAUCH, filed a complaint with the EEOC against the Defendant SUBURBAN PROPANE, and received a right to sue letter dated, March 19, 2008 and April 25, 2008 attached as Exhibits A and B.

## FIRST CAUSE OF ACTION

22.   The preceding sections are realleged and incorporated herein by reference.

23.   Plaintiff's first cause of action against the Defendant, SUBURBAN PROPANE, is that the plaintiff was harassed in the work place by supervisors and that such harassment was condoned by the Defendants, wrongfully and negligently and they failed to act to protect the Plaintiff and prevent further abuse.

24. Said harassment made Plaintiff's work environment hostile, unpleasant and unbearable, and violated his rights under the theory of harassment under Washington codes and law, U.S. Constitution and Title VII.

25. As a direct and proximate cause of Defendants harassment Plaintiff suffered physical, mental and emotional injuries.

26. Wherefore the Plaintiff is entitled to be compensated for his injuries.

## SECOND CAUSE OF ACTION

27. The preceding sections are realleged and incorporated herein by reference.

28. Plaintiff's second cause of action against the Defendants is that he was discriminated against because of his age in the work place by his supervisors and that such discrimination was condoned by the Defendants such that they acted wrongfully and negligently by failing act to protect the Plaintiff and prevent further discrimination.

COMPLAINT

PAGE - 5

DORE & DORE, P.S.
1122 W. James St.
Kent, WA 98032
(253) 850-6411

29. Said discrimination was based on age and made Plaintiff's work environment hostile, unpleasant and unbearable, and violated his rights under the theory of discrimination under Age Discrimination in Employment Act (ADEA) Washington law and codes, the Washington State Constitution, the U.S. Constitution, Title VII.

30.    As a direct and proximate cause of Defendants discrimination based on age Plaintiff suffered physical, mental and emotional injuries.

31. Wherefore the Plaintiff is entitled to be compensated for his injuries.

## THIRD CAUSE OF ACTION

32.    The preceding sections are realleged and incorporated herein by reference.

33.    Plaintiffs, third cause of action against the defendant, SUBURBAN PROPANE, claims that he was treated poorly and suffered disciplinary action in retaliation for reporting the discriminatory and harassing actions of the defendant's employees to his supervisors and for filing grievances and for asking for accommodation for his disability's and for filing claims under the Labor and Industry for work related injuries.

34.    Defendant had knowledge of such acts and that such hostile acts were condoned by the Defendant, which wrongfully and negligently failed to act to protect Plaintiff and to prevent further abuse.

35.    Said acts under Plaintiffs work environment were hostile, unpleasant and unbearable, and violated his rights under the theory of discrimination under Washington law and codes, the Washington State Constitution, the U.S. Constitution, the civil rights act, Title VII, ADA, ADEA.

36.    As a direct result of the retaliation and reprisal Plaintiff suffered physical, mental and emotional injuries.

COMPLAINT

PAGE - 6

DORE & DORE, P.S.
1122 W. James St.
Kent, WA 98032
(253) 850-6411

37.    Wherefore the Plaintiff is entitled to be compensated for his injuries.

## FOURTH CAUSE OF ACTION

38. The preceding sections are realleged and incorporated herein by reference.

39.    Plaintiff's fourth cause of action against the Defendant, SUBURBAN PROPANE, is that the plaintiff was discriminated against due to his disability in the work place by supervisors and that such harassment was condoned by the Defendants, wrongfully and negligently and they failed to act to protect the Plaintiff and prevent further abuse.

40.    Said harassment made Plaintiff's work environment hostile, unpleasant and unbearable, and violated his rights under the theory of disability discrimination under American with Disabilities Act, Washington codes and law, U.S. Constitution and Title VII.

41.    As a direct and proximate cause of Defendants harassment Plaintiff suffered physical, mental and emotional injuries.

42. Wherefore the Plaintiff is entitled to be compensated for his injuries.

## FIFTH CAUSE OF ACTION

43.    The preceding sections are realleged and incorporated herein by reference.

44.    Plaintiff, MARILYN KIEHLBAUCH brings a fifth cause of action against the defendants and claims that because her husband, JOSEPH KIEHLBAUCH suffered harassment, discriminatory and retaliatory action by the defendant, SUBURBAN PROPANE and that they suffered injury to their marital relationship including loss of love and companionship of the marital relationship.

45.    As a direct result of the wrongful and negligent actions of the defendants Plaintiffs, MARILYN KIEHLBAUCH suffered physical, mental and emotional injuries.

*COMPLAINT*

PAGE - 7

DORE & DORE, P.S.
1122 W. James St.
Kent, WA 98032
(253) 850-6411

46.    WHEREFORE, the Plaintiff is entitled to be compensated for her injuries.

## DAMAGES

47.    As a result of the unlawful and wrongful physical and discriminatory, harassing retaliatory, unlawful and tortious conduct of the Defendants Described above Plaintiff, JOSEPH KIEHLBAUCH, suffered the following damages:

A.    Lost past and future wages and benefits;
B.    Emotional distress damages;
C.    Economic loss/out of pocket expenses;
D.    Loss of Consortium in the love, care companionship of the marital relationship.
E.    Actual attorney's fees and litigation expenses, in addition to statutory fees and costs under ADA, ADEA;
F.    Punitive damages as authorized by the Civil Rights Act of 1991 and Washington discrimination statute, RCW 49.60' and ADA and ADEA
G.    Compensatory damages as allowed under title VII.

48.    As a result of the unlawful and wrongful physical and discriminatory, harassing retaliatory, unlawful and tortious conduct of the defendants described above Plaintiff's, MARILYN KIEHLBAUCH, suffered the following damages:

H.    Lost past and future wages and benefits;
I.    Emotional distress damages;
J.    Economic loss/out of pocket expenses;
K.    Loss of Consortium in the love, care companionship of the marital relationship.
L.    Actual attorney's fees and litigation expenses, in addition to statutory fees and costs;
M.    Actual attorney's fees and litigation expenses, in addition to statutory fees and costs under ADA, ADEA;
N.    Punitive damages as authorized by the Civil Rights Act of 1991 and Washington discrimination statute, RCW 49.60', ADA, ADEA and
O.    Compensatory damages as allowed under title VII.

## PRAYER FOR RELIEF

COMPLAINT

PAGE - 8

DORE & DORE, P.S.
1122 W. James St.
Kent, WA 98032
(253) 850-6411

WHEREFORE, Plaintiffs request this court grant them the following relief against the above-entitled Defendant.

1.   Special and general damages in an amount to be proven at trial;
2.   Compensatory damages exemplary damages.
3.   Actual attorney's fees and litigation expenses, in addition to statutory fees and costs;
4.   Punitive damages as authorized by the Civil Rights Act of 1991 and Washington discrimation statute, RCW 49.60; and
5.   Any other relief this Court deems just and equitable.

Dated this ___ day of June, 2008.

Dore & Dore, P.S.

_____
JAMES J. DORE, JR. WSBA # 22106
Attorney for Plaintiffs

VERIFICATION

JOSEPH KIEHLBAUCH, being first duly sworn on oath deposes and states as follows: I am the Plaintiff in the action herein above. I have read the foregoing complaint and believe the same to be true and accurate to the best of my knowledge and belief.

_____
JOSEPH KIEHLBAUCH

_____
MARILYN KIEHLBAUCH

COMPLAINT

PAGE - 9

DORE & DORE, P.S.
1122 W. James St.
Kent, WA 98032
(253) 850-6411

1

2          Subscribed and Sworn before me this _____ day of _____, 2008.

3

4                                    _____

                                     NOTARY PUBLIC in and for the State
5                                    of Washington, residing at _____
                                     My commission expires:_____
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
   COMPLAINT                                    DORE & DORE, P.S.
                                                1122 W. James St.
   PAGE - 10                                    Kent, WA 98032
                                                (253) 850-6411

EEOC Form 161-B (3/48)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Joseph Kiehlbauch<br>15630 – 47th Avenue S.<br>Tukwila, WA 98188 | From: Seattle Field Office<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104 |
|---|---|

EXHIBIT A

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 551-2007-00761 | Meiju N. Ong,<br>Investigator | (206) 220-6913 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission



MAR 19 2008

Enclosures(s)

A. Luis Lucero, Jr.,
Director

*(Date Mailed)*

cc:   SUBURBAN PROPANE
C/O Richard J. Omata
KARR, TUTTLE, CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, WA 98101

COPY

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  Joseph Kiehlbauch<br>15630 – 47th Avenue South<br>Tukwila, WA 98188 | From:  **Seattle Field Office**<br>**909 First Avenue**<br>**Suite 400**<br>**Seattle, WA 98104** EXHIBIT B |

| On behalf of person(s) aggrieved whose identity is |
|---|
| CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Meiju N. Ong,** | |
| **551-2008-01162** | **Investigator** | **(206) 220-6913** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

APR 25 2008

Enclosures(s)

A. Luis Lucero, Jr.,
Director

*(Date Mailed)*

cc:  Personnel Administrator
SUBURBAN PROPANE
12642 Interurban Ave S.
Tukwila, WA 98168

27